NUMBER 13-08-00376-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOSE ROEL GARCIA, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court 

of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Benavides 


Memorandum Opinion by Justice Rodriguez



 Appellant, Jose Roel Garcia, Jr., appeals from the revocation of his community
supervision. On May 3, 2005, pursuant to a plea bargain agreement, appellant pleaded
guilty to the assault of a public servant. See Tex. Penal Code Ann. § 22.01(a)(1), (b)(1)
(Vernon Supp. 2008). The trial court sentenced appellant to ten years' confinement in the
Institutional Division of the Texas Department of Criminal Justice, then suspended
imposition of the sentence, placed appellant on community supervision for ten years, and
imposed a fine of $4,000, court costs, 500 hours of community service, aggression control
counseling and drug/alcohol evaluation. (1)

 On November 6, 2008, the State filed its motion to revoke appellant's community
supervision. Following an evidentiary hearing, the trial court found appellant had violated
condition rule 1 (committed the offense of retaliation and the offense of assault on public
servant), rule 11 (failed to report to his supervision officer), and rule 24 (failed to complete
minimum monthly hours of community service). The trial court revoked appellant's
community supervision on the assault of a public servant, sentenced appellant to ten years'
confinement, and imposed the $4000 fine and court costs. This appeal ensued.

 Concluding "this appeal is without merit and frivolous," appellant's counsel filed a
brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.I. Compliance with Anders v. California

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's
court-appointed appellate counsel has filed a brief with this Court, stating "that no
reversible error is reflected by the record." Counsel's brief discusses the relevant portions
of the record as they pertain to the following four arguable grounds of error presented: (1)
the evidence was insufficient to support the revocation; (2) the trial court erred or abused
its discretion by imposing the original sentence; (3) appellant's sentence is cruel and
unusual in violation of the United States Constitution; and, (4) appellant was not given
effective assistance of counsel at the revocation hearing. See In re Schulman, 252 S.W.3d
403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief need not specifically
advance 'arguable' points of error if counsel finds none, but it must provide record
references to the facts and procedural history and set out pertinent legal authorities.")
(citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no
pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

 Including record references to the facts and setting out pertinent legal authorities,
appellant's counsel has carefully discussed why, under controlling authority, there are no
errors in the trial court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex. Crim.
App. [Panel Op.] 1978). Counsel has certified to this Court that, after diligently searching
the record and researching the applicable law, he has found no reversible error reflected
by the record and has forwarded a copy of the brief and request to withdraw as counsel to
appellant. Counsel also informed appellant of his right to review the record and to file a
pro se response. (2) See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also
In re Schulman, 252 S.W.3d at 409 n.23. More than an adequate period of time has
passed, and appellant has not filed a pro se response. See In re Schulman, 252 S.W.3d
at 409.II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion
to withdraw that was carried with the case on January 14, 2009. Within five days of the
date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment
to appellant and to advise appellant of his right to file a petition for discretionary review. (3) 
See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte
Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 14th day of May, 2009.
1. Appellant's community supervision conditions were amended to place appellant in residential
treatment. Appellant was also to seek counseling with a local MHMR Center.
2. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
3. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.